UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
DOCKET NO. 1:19-cv-31-MOC

| | |
|---|---|
| **KENNETH WHITFIELD,** | ) |
| Plaintiff, | ) |
| Vs. | ) ORDER |
| **ANDREW SAUL,** | ) |
| **Commissioner of Social Security,** | ) |
| Defendant. | ) |

This matter is before the Court on Plaintiff's Motion for Fees Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A). (Doc. No. 16).

Defendant opposes the motion, arguing that the hourly rate billed and the numbers of hours expensed by Plaintiff's counsel are excessive. The Court disagrees and finds that the amount of fees requested by Plaintiff is reasonable.[1] Thus, having reviewed the motion, the parties' briefs, and the case file, the Court determines that Plaintiff should be awarded an attorney's fee under the EAJA in the amount of $8,708.59.

---

[1] As to whether Plaintiff's counsel should have used the national or regional index to calculate cost-of-living increases, the differences in these amounts is so miniscule (roughly $3) that the Court declines to use its scarce resources and time in parsing out this argument. In any event, the Court finds that the quality of the representation by Plaintiff's counsel justifies the use of the higher, national rates. Furthermore, the Court rejects Defendant's assertions that the hours billed (42.45) are excessive and redundant, as Plaintiff has submitted detailed information regarding the hours billed, and the hours claimed appear neither excessive not redundant. Nor will the Court reduce the hours billed based on Defendant's contention that this amount is above the "typical range of compensated hours in Social Security cases." Each Social Security case is unique. Therefore, the Court declines to impose an arbitrary standard based on the "typical" number of hours incurred.

**IT IS ORDERED** that Plaintiff's Motion for Fees, (Doc. No. 16), is **GRANTED**, and the Court will award Plaintiff attorney fees in the amount of $8,708.59. Pursuant to Astrue v. Ratliff, 560 U.S. 586 (2010), the fee award will first be subject to offset of any debt Plaintiff may owe to the United States. The Commissioner will determine whether Plaintiff owes a debt to the United States. If so, the debt will be satisfied first, and if any funds remain, they will be made payable to Plaintiff and mailed to Plaintiff's counsel. If the United States Department of the Treasury reports to the Commissioner that Plaintiff does not owe a federal debt, the government will exercise its discretion and honor an assignment of EAJA fees and mail the awarded fees to Plaintiff's counsel. No additional petition pursuant to 28 U.S.C. § 2412(d) shall be filed.

Signed: January 22, 2020

Max O. Cogburn Jr
United States District Judge